**FITZPATRICK**
v.
**SOONER OIL CO. et al.**
No. 4764.

United States Court of Appeals, Tenth Circuit.
April 29, 1954.

5.   See footnote 4.

J. E. Williams, E. H. Williams, W. J. Williams, Ardmore, Okl., Richard U. Simon, Henry W. Simon, William S. Wright, Fort Worth, Tex., for appellant.

Robert D. Hudson, Tulsa, Okl., for appellees.

Before HUXMAN, MURRAH and PICKETT, United States Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Mildred Fitzpatrick, brought this action against appellee, the Sooner Oil Company and its insurance carrier, Tri-State Insurance Company, to recover damages for personal injuries suffered in an auto accident in which a Sooner Oil Company transport truck and an automobile in which she was riding as a passenger were involved. The case was tried to a jury which returned a verdict for the defendants upon which judgment was entered. Three assignments of error are urged for reversal. They are (1) the verdict is contrary to the evidence, (2) the court erred in the additional instruction it gave the jury when it returned to the courtroom and requested further instruction with respect to the meaning of the word "solely" as used in the court's instructions, and (3) the court erred in requiring appellant to state in the presence of the jury whether there was objection to a view of the scene of the accident.

Not much need be said with respect to the first assignment of error. On the day of the accident, a gasoline transport truck belonging to the Sooner Oil Company was being driven in a Westerly Direction on U. S. Highway No. 70, a few miles West of Ardmore, Oklahoma. The driver made a left hand turn to enter a gravel road leading in a Southerly direction to an oil refinery. Appellant was riding in a car driven by Robert L. Payne, Jr. This car was to the rear of the transport truck and was likewise travelling in a Westerly direction along Highway No. 70. Payne had entered the left lane of the highway intending to pass the transport truck about the time it started to make the left hand turn. He could not pass nor could he stop because of the high rate of speed at which he was travelling, without colliding with the truck. In order to avoid an inevitable collision, he turned his car sharply to the right, ran off the right shoulder, and finally overturned his car in a ditch, with resulting serious injuries to appellant. The issues in the case were the negligence, if any, of the driver of the truck and the negligence,

if any, of the driver of the car in which appellant was riding. There is substantial evidence that the driver of the automobile in which appellant was riding was guilty of negligence in the operation of the automobile and that his negligence caused the accident. There is other evidence that the driver of the car was free of negligence and that the driver of the transport truck was guilty of negligence and that it was his negligence alone which caused the accident. There is yet other evidence that both drivers were guilty of negligence which together caused the accident, depending in each case upon which evidence the jury believed. No useful purpose either to this case or to the law generally would be served by encumbering legal publications by setting out all this evidence in detail. We, therefore, content ourselves by saying that we have carefully examined the record, have considered all the evidence, and conclude that the verdict and judgment based thereon are sustained by substantial evidence.

Error is predicated upon a colloquy between the court and the jury after it had the case for consideration. The jury returned to the courtroom and asked the court to re-read a portion of its instructions. The court then stated to counsel, "You gentlemen hear the request now. Of course, they are supposed to take the instructions as a whole and not over-emphasize any particular instruction. Is there any objection to me reading what they want to hear?" There was no objection. The court then re-read its instructions which related to the Oklahoma Statutes and the general duties of drivers upon the highway. The jury informed the court that it was not sure that it understood what the court meant by the use of the word "solely" as used in the instruction in connection with the negligence of the parties. The following proceedings ensued:

The Court: "Well, what is the legal question you are thinking about?"

The Foreman: "Well the question was 'solely' there on one question, you said 'solely'."

The Court: "You are not sure what I meant there?"

The Court: "I did use that word, and that is one of the contentions in the case. The defendants contend that the accident occurred by reason of the negligence of the driver of the Mercury automobile, solely by reason of that. That is that was the sole cause of the accident. Is that the one?"

The Foreman: "Yes, sir."

The Court: "Well I did say to you, if you find from the evidence that it was caused solely by reason of his negligence. That means, of course, that the other man was not guilty of any negligence or that his negligence did not contribute to the injury then the verdict should be for the defendant. I think I have stated it fairly. You understand now the conditions that apply to each one, do you, the legal application of the facts in the case? Is there any other juror that wants to ask me about that? All right."

After the jury retired, appellant's counsel suggested the jury might have had in mind the court's instruction concerning concurrent negligence and objected to the instruction as reiterated by the trial court. In this assignment of error appellant contends that the court erred in quoting part of its instruction on concurring negligence and that it should have again told the jury that if it found that both Payne and the truck driver were guilty of negligence which concurred to bring about the accident and the plaintiff's injuries that the plaintiff would be entitled to recover from the defendants.

The court had instructed the jury that "If you find from a preponderance of the evidence that the defendant herein was negligent in some particular as charged or as shown by the evidence, and that the defendant's negligence was the proximate cause of the plaintiff's injuries, your verdict should be for the plaintiff. On the other hand, if you fail to find that the defendant was negligent or that

any negligence on his part was the proximate cause or contributed as a proximate cause to the plaintiff's injury your verdict should be for the defendant. Of course, if you find that the accident occurred solely by reason of the negligence of the driver of the automobile that would entitle the defendant to a verdict, because that would mean that the defendant was not negligent. Now, then, on the other hand, if you find that the driver of the automobile was negligent and you also find that the driver of the truck was negligent and that the negligence of the two combined and concurred to bring about the injury the plaintiff would be entitled to recover." Apparently the only part of this instruction not clear to the jury was the use of the word "solely". That was the only part of the instruction about which inquiry was made.

█ When a jury returns to the courtroom with the request for further instruction, the presumption must be that the only uncertainty in the jury's mind is with respect to the matter about which further instruction is sought and the court is required only to fairly answer the question asked by the jury. It is not required to restate the charge as given by the court.[1] In this case the explanation by the court as to the meaning of the word "solely" was consistent with the instruction in which the word was used and the explanation must have satisfied the jury because when the court asked whether there was any other juror who wanted to ask about it, the reply apparently was in the negative. In addition, when the jury returned to the courtroom the court again emphasized that the jury was "supposed to take the instructions as a whole and not over-emphasize any particular instruction."

█ The final contention is that the court erred in requiring appellant to state in the presence of the jury whether there was objection on her part to an inspection of the place where the accident occurred. At the conclusion of the evidence and in the presence of the jury, defendant's attorney asked the court in the exercise of a sound discretion to permit the jury to inspect the premises. The court replied, "Well I will see what the opposing parties think about it and we can make arrangements before you start your argument. Do you have any additional evidence for the plaintiff?" Plaintiff's attorney replied that there was no further evidence and stated, "We have no objection if the court sees fit to send the jury to the scene of the accident." It is not correct, as stated in appellant's brief, that the Federal Rules do not permit a jury view of premises. True, there is no specific rule with respect thereto but the courts recognize the inherent power of trial courts to grant an inspection of the premises. Whether there shall be an inspection rests within the discretion of the trial court.[2] Appellant strongly urges that it was error for the trial court to require her to register her objection, if any, to such an inspection in the presence of the jury. No federal case has been cited and our search has failed to reveal one in which the precise question has been considered. Neither are there many state decisions which have dealt with the question. In National Box Company v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 95 A.L.R. 1500, the Supreme Court of Mississippi held that a request for view of the premises should not be made in the presence of the jury and that when such a request was made improperly in the presence of the jury that the court should promptly overrule it, but failing to do so and in the absence of a statement by the opposing party as to whether he will or will not join in the request, the trial judge should of

---

1. Valley Shoe Corporation v. Stout, 8 Cir., 98 F.2d 514; Armstrong v. Toler, 11 Wheat. 258, 24 U.S. 258, 6 L.Ed. 468.

2. Lowry v. Seaboard Airline R. Co., 5 Cir., 171 F.2d 625; Hecht Co., Inc. v. Harrison, 78 U.S.App.D.C. 93, 137 F.2d 687; Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627.

his own motion retire the jury before requiring the other party to register an objection and that if he did not do so the opposite party must request the retirement and if upon that request the court still fails to retire the jury and the party then makes his objection to the view, the failure to retire the jury will constitute reversible error.

Assuming without deciding that the rule in the Federal Courts is the same as announced in the National Box Company case, supra, appellant may nonetheless not prevail because both under the State rule and the Federal rule it was incumbent upon her to register a proper objection to the action of the court complained of. Appellant at no time objected to the action of the court in asking her in the presence of the jury to state whether there was objection to such an inspection. In fact, the record shows that actually in effect her counsel almost immediately joined in the request for the viewing. Under these facts, the question may not be raised for the first time on appeal.

Affirmed.