UNITED STATES of America,
Plaintiff,

v.

Arthur L. HARRIS, Sr., et al.,
Defendants.

No. 24079–CD Cr.

United States District Court
S. D. California, Central Division.
Dec. 21, 1955.

Laughlin E. Waters, U. S. Atty., for Southern District of California, by Louis Lee Abbott, Norman W. Neukom, and Ray H. Kinnison, Assts. U. S. Atty., Los Angeles, Cal., for plaintiff.

Fred Horowitz, Los Angeles, Cal., for defendants Arthur L. Harris, Sr. and Arthur L. Harris, Jr.

Alden F. Houck, Los Angeles, Cal., for defendants Lee R. Wilson, Benjamin Klein, Luis C. Bandurraga, Charles W. Marshall, Ernest F. Lea, and Patrick J. McKeown.

TOLIN, District Judge.

In this criminal prosecution wherein the defendants are charged with sixty-seven violations of Title 18 U.S.C.A. § 1341, the Court has granted the plaintiff's motion for a view of premises referred to in the testimony. Witnesses have referred to certain cities and military establishments with particular reference to accessibility of one area to another, location of highways, entrances into a Naval Ordnance Test Station, etc.

General characteristics of various locales and many specific physical objects

relative to the real property offered for sale, and other properties and places having various degrees of relevancy in the evidence, have been testified to by witnesses and commented upon by counsel for all parties. There are many maps and pictures in the record.

■ The Court overruled vigorous defense objections to the plaintiff's motion and held that a view of the properties which had been offered for sale should be had, together with a view of the other locales which have been referred to in the evidence. Plaintiff's motion for a view was granted. This was within the Court's discretion.[1] Defendants based their objections on an unparticularized assertion that to grant a view in this case would be an abuse of discretion.

After the Court granted plaintiff's said motion, defendants requested that if there be a view, it be deferred until after the close of evidence. This is the motion presently before the Court for decision. Neither side has cited authority or any clearly articulated theory respecting the problems inherent in the request. Plaintiff urges that the time for the prospective view is now, during presentation of its case which is in the fifth week of a trial that is probably not half completed. The defendants, while not conceding the propriety of a view at any time, are equally emphatic that it should not be had until after the evidence has been closed.

This poses the question for the Court, "What is a view?" If it is a mere orienting procedure emanating from the Court with the guidance by the Court rather than as a presentation of something by the proponent of a cause, then it would be proper at any time, and the Court could well defer it until late in the trial. If, however, a view is evidence to be considered as such by the jury, it should be received during the presentation of the case of the party who offers it. This is particularly so as there may be defense motions urged after the prosecution's evidence is closed. If a motion for judgment of acquittal be made, the Court should have before it all of the prosecution evidence on the case in chief before it considers such motion.

■■ The Court holds that a view of premises had on motion of a litigant is evidence. This has been declared by the Supreme Court[2] through Mr. Justice Cardozo:

"We find it of no moment that the judge in this case described the view as evidence. The Supreme Judicial Court of Massachusetts has said of a view that 'its chief purpose is to enable the jury to understand better the testimony which has or may be introduced.' * * * even so, its inevitable effect is that of evidence, no matter what label the judge may choose to give it."

That this was not a criminal case tried in a Federal Court is not important for it deals with the very nature of evidence. A leading case standing for this principle emanated from the Ninth Circuit,[3] and the same rule has been applied in California in the trial of a criminal case.[4] The subject is extensively discussed by noted authorities on the law of evidence.[5]

Some courts have raised objections to the competency of real evidence, including that which the jury leaves the court room to view, because it cannot be included with the other evidence in the

1. Fitzpatrick v. Sooner Oil Co., 10 Cir., 1954, 212 F.2d 548; Owens v. Missouri Pac. Ry. Co., C.C.1889, 38 F. 571; Forbes v. United States, 5 Cir., 1920, 268 F. 273; United States v. 2.4 Acres of Land, More or Less, etc., 7 Cir., 1943, 138 F.2d 295; Hecht Co. v. Harrison, 1943, 78 U.S.App.D.C. 93, 138 F.2d 687.

2. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 338, 78 L.Ed. 674.

3. United States v. Seufert Bros. Co., C.C. Or.1898, 87 F. 35.

4. People v. Milner, 122 Cal. 171, 54 P. 833; People v. Bush, 68 Cal. 623, 10 P. 169.

5. 4 Wigmore, Evidence, § 1150–1151 (3rd Ed. 1942); Greenleaf on Evidence, 16th Ed. 1899. (The latest edition of the Greenleaf works.)

record on appeal. This doctrine has been generally repudiated, but some courts have evaded the objection or rationalized their objection to it by holding that a jury view, though proper, is not part of the evidence taken by the jury.[6]

In the cited Greenleaf text, the argument that a jury view is not evidence is commented on as follows:

"In one or two jurisdictions the notion has of late obtained a footing that autoptic proference is to be excluded as a method of proof because it is impossible to transmit to the higher Court on appeal the source of belief thus laid before the jury below, and because thus the losing party cannot obtain an adequate revision of the proceedings by the higher court. * * * The doctrine has been repudiated (after an occasional temporary favor) by all of the Courts whose attention has been called to it. The unfortunate thing is that in repudiating it there has been an inclination to evade the objection (i.e. that the 'evidence' cannot be reproduced or transmitted on appeal) by declaring that a jury-view does not involve the obtaining of evidence by the jury. There is no necessity for invoking such an untenable doctrine; the sufficient answers to the above objection are (1) that there is no precedent in the common law for recognizing any doctrine that an appellate Court must be able to have every item of evidence reproduced or transmitted to it; (2) that if such a doctrine were sound, there never could have been jury-views, or, in the majority of cases, autoptic proference of any sort; (3) that if such a doctrine were sound, all *viva voce* testimony, which depends so much on the appearance and demeanor of the witness, and all evidence whatever except writings and other portable objects, should be excluded,—an im-

possible result. * * * in spite of some opposing precedents, *the generally accepted and the correct doctrine is that a view furnishes a distinctly additional source of proof, i.e. the thing itself as autoptically observed.*" (Emphasis supplied.)

Wigmore reached the same conclusion as Greenleaf:

"On a number of occasions in modern times the notion has been advanced that autoptic proference of the thing itself before the tribunal is to be excluded as a method of proof because it is impossible to transmit to the higher Court on appeal the source of belief thus laid before the tribunal below, and because thus the losing party cannot obtain a proper revision of the proceedings by the higher Court. * * * But the notion has now been generally repudiated, even in the jurisdictions where it once obtained, * * *.

"But unfortunately the reasons upon which this repudiation has proceeded have not always been sound ones,—have indeed sometimes been dangerous and misleading. * * *

"But another mode, in favor with a few Courts, of repudiating the doctrine in question, is to propound the theory that the jury's inspection is not an obtaining of evidence, and to hold that the bill of exceptions may therefore be said to contain all the 'evidence' notwithstanding the jury has had a view:

"To this mode of evasion of the undesirable consequence there are two conclusive answers. The first is that, if this theory were sound, then no valid bill of exceptions of any trial has ever been drawn up, since the demeanor of witnesses on the stand is always some evidence on the point of their credit (ante, § 946) and no bill of exceptions has ever been able to embody this evi-

---

6. Park-In Theatres v. Ochs, D.C.Ohio, 75 F.Supp. 506.

dence with ink and paper. The second is that it is wholly incorrect in principle to suppose that an autoptic inspection by the tribunal does not supply it with evidence; for, although that which is received is neither testimonial nor circumstantial evidence, nevertheless it is an even more direct and satisfactory source of proof, whether it be termed 'evidence' or not (ante, § 1150). The suggestion that, in a view or any other mode of inspection by the jury, they are merely 'enabled better to comprehend the testimony', and do not consult an additional source of knowledge, is simply not correct in fact. (Cases cited.)

"The theory that a jury's view does not involve the obtaining of evidence has come before the Courts for consideration in many cases involving the propriety of instructions to juries and the *weight to be accorded by juries to witnesses' testimony*; and, in spite of some favoring precedents, it has in most jurisdictions been repudiated." (Emphasis in quoted material.)

When plaintiff's motion for a view was before the Court, the Court directed the prosecutors to file a proposed itinerary of travel. Although not in the form contemplated by Local Rules of the United States District Court for the Southern District of California, Rule 4 (a), a letter on this subject has been received from the United States Attorney, and the Clerk is directed to file said letter.

■ The matter of how to properly conduct the view is one which will require much more detailed attention than the letter specifies. Utmost caution must be employed to the end that the jurors do not receive unsworn testimony or communications which they should not have. The natural tendency on leaving the courtroom for the purpose of an extended inspection of several places many miles away, is for the participants to

become informal and less rigid in the safeguards which are normally applied in a courtroom. The Court, therefore, enters its order herewith, that the jury be sequestered during the view, and that procedure be formally conducted with all oral proceedings had in the presence of the jury to be in the form of sworn testimony with such incidents thereto as are customary in the courtroom and in accordance with the Court's orders as may hereafter be made in the premises.