0947

The KEY COMPANY, INC., d/b/a Great Games, Respondent v. FAMECO DISTRIBUTORS, INC., Appellant.

(357 S. E. (2d) 476)

Court of Appeals

*B. Michael Brackett,* of *Sherrill & Townsend,* Columbia, *for appellant.*

*Jean Perrin Derrick,* Lexington, *for respondent.*

Heard March 25, 1987.

Decided April 27, 1987.

Order on Petition for Rehearing June 8, 1987.

GOOLSBY, Judge:

The Key Company, Inc., doing business as Great Games, brought an action against Fameco Distributors, Inc., alleg-

ing Fameco violated the South Carolina Unfair Trade Practices Act (UTPA). The jury awarded Great Games actual damages in the amount of $8,000. On motion by Great Games, the trial judge trebled the damages and awarded Great Games attorney fees and costs. Fameco appeals the denial of its motions for directed verdict, judgment notwithstanding the verdict, and new trial. We reverse.

The dispositive issue is whether Fameco's breach of its contract with Great Games violates the UTPA. *See* S. C. Code of Laws §§ 39-5-10 *et seq.* (1976). In deciding this issue, we view the evidence, as we must, in the light most favorable to Great Games, the party resisting the motions. *Ballou v. Sigma Nu General Fraternity*, 291 S. C. 140, 352 S. E. (2d) 488 (Ct. App. 1986).

Great Games owns coin-operated video game machines. Fameco agreed that for an eighteen-month period beginning on August 16, 1983, Great Games could place six of its machines at The Fame, a nightclub operated by Fameco on Two Notch Road in Columbia. The parties agreed to divide the proceeds of the machines equally.

Five months into the contract Great Games began receiving frequent complaints from the Fame about its machines. Later investigation revealed that the machines were simply disconnected in many instances. Jimmy Martin of Great Games asked The Fame's manager, a Mr. Abassi, not to disconnect the machines, explaining that "neither of us could make any money with the machines being unplugged."

Fameco, however, continued to leave some machines disconnected. In addition, Fameco moved the machines to less visible locations within the nightclub. As a consequence of these actions, Great Games lost income.

In April, 1984, Fameco requested Great Games to remove its machines from its nightclub. Great Games did so a month later after it determined that Fameco had breached the contract by continuing to disconnect the machines and to display them in undesirable locations.

Another owner of coin-operated video game machines moved machines into The Fame in June.

Great Games then instituted the present action. Its complaint alleges that Fameco's actions in disconnecting the machines and moving them to less desirable locations within

the nightclub and in deliberately breaching the contract between the parties were "unfair and deceptive acts and practices committed by [Fameco] in the course and conduct of its business and trade" and that these acts constitute a violation of the UTPA. Great Games' complaint does not allege that Fameco engaged in unfair methods of competition. Great Games stipulated that its complaint alleged only a single cause of action, a violation of the UTPA.

■ Fameco argues, among other things, that a mere breach of a contract does not constitute a violation of the UTPA. We agree.

The UTPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." S. C. Code of Laws § 39-5-20(a) (1976). The terms "trade" and "commerce" include the "sale or distribution of any services and any property . . . directly or indirectly affecting the people of this State." *Id.* § 39-5-10(b); *see Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S. C. 475, 351 S. E. (2d) 347 (Ct. App. 1986) (wherein the court held in an action brought by one corporation against another that the UTPA is not available to address a private wrong where the public interest is unaffected).

■ Basically, Great Games' cause of action amounts to nothing more than an assertion that Fameco refused to allow, as it contracted to do, Great Games to make effective use of The Fame's premises for the display and operation of Great Games' coin-operated video game machines. As thus defined, the cause of action does not involve practices that either directly or indirectly affected the rights of anyone but the contracting parties.

We therefore hold that Fameco's deliberate or intentional refusal to permit Great Games to utilize the premises of its nightclub for the effective display and operation of Great Games' machines in breach of its contract with Great Games, without more, does not constitute a violation of the UTPA. *See Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.* 705 F. (2d) 712 (4th Cir. 1983) (an intentional breach of a valid contract, without more, is not a violation of the North Carolina Unfair Trade Practices Act); *Chancellors Racquet Club v. Schwarz*, 661 S. W. (2d) 194 (Tex. Ct. App. 1983) (a

mere failure to perform a promise does not under every circumstance constitute a misrepresentation that violates the Texas Deceptive Practices Consumer Protection Act).

Were we to agree with Great Games' theory in this case, then every intentional breach of a contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages. *CF Industries, Inc. v. Transcontinental Gas Pipe Line Corp.*, 448 F. Supp. 475 (W. D. N. C. 1978).

Because the trial court improperly denied Fameco's motions for directed verdict and judgment notwithstanding the verdict, the judgment, for the reasons stated, is

Reversed.

CURETON, J. and LITTLEJOHN, Acting J., concur.

### ORDER ON PETITION FOR A REHEARING
GOOLSBY, Judge:

The respondent The Key Company, Inc., doing business as Great Games, petitions this court for a rehearing.

Great Games claims, relying on this court's opinion in *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S. C. 475, 351 S. E. (2d) 347 (Ct. App. 1986), *cert. granted*, Davis' Advance Sheets, No. 18 at 2 (Ct. App. May 30, 1987), that the acts and practices of Fameco Distributors, Inc., affected the public interest in that they have the potential for repetition.

Nowhere in its complaint, however, does Great Games allege that Fameco's unfair and deceptive acts and practices have an impact upon the public interest in that they have the potential for repetition. Indeed, the record fails to show that Great Games ever advanced this theory as a basis for its claim under the Unfair Trade Practices Act.

The complaint simply alleges that Great Games and Fameco entered into an agreement whereby Great Games agreed to place amusement machines upon Fameco's premises, that Fameco "during the course" of the contract "committed a number of unfair and deceptive acts and practices" by "unplugging the machines" and "deliberately mov[ing] the machines to less desirable locations in [its] place of business," that Fameco "deliberately breached the contract

between the parties," that these actions damaged Great Games, that Fameco's actions "are unfair and deceptive acts and practices committed by [Fameco] in the course and conduct of its business and trade," and that Fameco's conduct "constitut[ed] a violation of the South Carolina Unfair Trade Practices Act...."

Great Games' cause of action, as alleged and as tried, involved nothing more than a breach of contract that affected no one but the parties to the contract. An intentional breach of a valid contract is not, without more, a violation of the UTPA.

Accordingly, we adhere to our earlier opinion. The stay of remittitur heretofore granted is revoked.