23010

FLORENCE PAPER COMPANY, Appellant v. Christopher ORPHAN and Orphan Paper Company, Respondents.

(379 S. E. (2d) 289)

Supreme Court

*B. Craig Killough* and *O. Grady Query* of *Uricchio & Query*, Charleston, *for appellant.*

*Kevin M. Barth* of *Harwell, Ballenger & DeBerry*, Florence, *for respondents.*

Submitted Jan. 24, 1989.

Decided May 1, 1989.

TOAL, Justice:

This matter involves a claim under the South Carolina Unfair Trade Practices Act. S. C. Code Ann. § 39-5-10, *et seq.* On appeal, Florence Paper Company argues that the trial judge erred in granting defendants', Christopher Orphan and Orphan Paper Company (Orphan), motion for summary judgment as to Florence's unfair trade practices cause of action, finding that the alleged acts of unfair competition had no adverse impact on the public interest.

## FACTS

Florence Paper Company, Inc. manufactures and markets converted paper products, including die-cut paper parts for the furniture industry, and paper spools. The principal place of business is Florence, South Carolina.

From 1973 until approximately 1979 or 1980, Christopher Orphan was the plant manager of Florence Paper Company. From approximately 1979-80 to February of 1984, Orphan was the Vice-President of Manufacturing. He also owned some stock and served as a director. He resigned from the company in February of 1984 and formed Orphan Paper Company, Inc. The Orphan Company manufactures the same types of products as does Florence Paper.

As an officer, director and plant manager of Florence Paper, Orphan allegedly had access to customer identities, customer contracts, the prices normally paid by the customers, the types, frequency and quantities of products ordered by the customers, the profit margin and pricing formulas. Orphan solicited customers of Florence Paper. During the first 12 months, Orphan sold only to customers of Florence Paper, including La-Z-Boy, Florence Paper's largest customer.

Florence Paper filed this action alleging four causes of action: (1) unfair competition in violation of the Unfair Trade Practices Act; (2) misappropriation of a trade secret; (3) breach of fiduciary duty and (4) tortious interference with a contract between Florence Paper and one of its employees. Summary judgment was granted as to the causes of action for Unfair Trade Practices Act and intentional interference with an employment contract. In regard to the Unfair Trade Practices Act claim, the judge ruled that Florence Paper had not alleged or proven that Orphan's actions had resulted in an adverse impact on the public interest as required by *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S. C. 475, 351 S. E. (2d) 347 (Ct. App. 1986).

Florence Paper appeals the ruling in regard to the Unfair Trade Practices Act cause of action.

## LAW/ANALYSIS

The South Carolina Unfair Trade Practices Act, provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S. C. Code Ann. § 39-5-20(a). (Law Co-op 1976). A private remedy for violations of this Act is provided in § 39-5-140(a). That section provides in pertinent part:

> "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of any unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages."

Florence Paper argues that Orphan's actions in utilizing privileged information concerning Florence Paper's customers constitute unfair methods of competition and that he is entitled to bring his cause of action under § 39-5-140(a). Florence Paper contends that the Act does not require a plaintiff to allege or prove that the unfair competition has adversely impacted on the public interest and sets

forth alternative arguments. First, they argue that "unfair methods of competition" are separate from "unfair or deceptive acts or practices" and that the adverse affect on the public interest is only required for "unfair or deceptive acts or practices under *Noack*." We disagree. While it is true that the *Noack* opinion does not include the term "unfair methods of competition" in stating the requirement for an adverse impact on the public interest, the reasoning espoused by the Court of Appeals would be applicable to "unfair methods of competition."

As noted above, our Court of Appeals held in *Noack*, ■ *supra*, that the act or practice must have an impact on public interest in order to be actionable under the Unfair Trade Practices Act. Although we believe that it is possible for the adverse impact on public interest to be based on a private injury, we conclude that the evidence in this case does not support a private right of action.

Florence Paper also contends that unfair methods of competition inherently involve acts which impact public interst. While we do not reject this idea, we conclude that such an impact could not be inherent in this situation where only two direct competitors are involved.

For the reasons discussed above, the lower court is affirmed.

GREGORY, C. J., and CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.