989 F.2d 497
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glennon WADE; Cecile M. Wade, Plaintiffs-Appellants,
v.
Frank WAITES, individually, and as agents of A. J. Mathias
and LaBorde Mathias, d/b/a Frank Waites Realty,
Defendant-Appellee,
and
Laborde Mathias, Defendant.
 No. 92-1604.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1993
Decided: March 30, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-90-2570-3)
 Frederick Ivey Hall, III, Lexington, South Carolina, for Appellants.
 Patrick John Frawley, Lexington, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HAMILTON, Circuit Judge, BUTZNER, Senior Circuit Judge, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Glennon and Cecile Wade (the Wades) appeal the district court's grant of a motion for judgment as a matter of law in favor of Frank Waites (Waites) at the close of the Wades' case-in-chief, dismissing the Wades' claim under the South Carolina Unfair Trade Practices Act (UTPA). S.C. Code Ann. § 39-5-10, et seq. The Wades also appeal the district court's decision to re-read only the jury charges pertaining to their breach of fiduciary duty claim after the jury foreman informed the district court that the jury could not remember all of the acts which the Wades claimed to be a breach of Waites' fiduciary duty. Finding no error, we affirm.[1]
 
 
 2
 * This case arose out of a real estate agency contract in which the Wades hired Waites, a real estate broker, to assist in locating and purchasing a suitable parcel of land upon which to build a commercial facility for the purpose of operating a contracting business. The terms of the agency contract provided that Waites would act as the Wades' agent in locating suitable property.
 
 
 3
 As a result of this contract, Waites led the Wades to a particular piece of property owned by A.J. Mathias (Mathias). At the time, Waites also acted as Mathias' selling agent. Although the Wades and Waites "walked" the property and reviewed Waites' files on the property, revealing several drainage easements in favor of Lexington County (County), Waites never informed the Wades that the County refused to issue a building permit to build on any portion of the property unless the owner permanently resolved the property's drainage problem. Although the Wades knew before purchasing the property that a drainage problem existed, they thought that a holding and/or retention pond would sufficiently resolve the drainage problem.[2]
 
 
 4
 Thereafter, the Wades offered $60,000 for the property. Mathias accepted this offer even though he had originally asked for a purchase price of $79,380. Subsequently, in February 1988, the Wades and Mathias executed a written agreement to sell and purchase the property. Notably, the written agreement contained no contingencies allowing the Wades to avoid the contract if they could not obtain a permit to construct their commercial facility.
 
 
 5
 Eight months after purchasing the property, the Wades discovered that the County would not issue a building permit on the property they had purchased. The Wades also learned that a mere holding and/or retention pond would not sufficiently correct the drainage problem. Because the Wades could not implement their intended use of the property without substantial expenditures to correct the drainage problem, they filed suit against both Waites and Mathias in the United States District Court for the District of South Carolina.[3] The Wades' complaint alleged four causes of action against Waites: (1) fraud; (2) breach of fiduciary duty; (3) negligence; and (4) violation of the UTPA.
 
 
 6
 After the completion of the Wades' case-in-chief, Waites moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 on the Wades' UTPA claim. Waites reasoned that the Wades had offered no evidence that any acts or omissions on the part of Waites amounted to a custom or practice, or affected the general public. After hearing oral argument on this issue, the district court granted Waites' motion. The district court opined that a claim under the UTPA requires proof of either: (a) an unfair practice by the defendant as evidenced by similar, prior acts or (b) a single unfair act which affected the public in general. The district court concluded that the Wades presented insufficient evidence to satisfy either test. Joint Appendix (J.A.) at 281, 28384. In reaching this conclusion, the district court rejected the Wades' argument that if an act is capable of repetition it affects the general public as a matter of law.
 
 
 7
 The district court then instructed the jury on the remaining three claims and sent the jury to begin deliberations. Shortly thereafter, the jury foreman submitted a question to the district court. This inquiry indicated that the jury could not remember or agree as to the instructions on the fiduciary duty claim. Specifically, the jury first asked "what is the basis for plaintiff's claim of breach of fiduciary duty?" J.A. at 305. The district court responded "to answer your question, you must rely on the evidence presented and my instructions to you." Id. The jury then submitted another question, asking:
 
 
 8
 We understand, however, we can't remember exactly how the plaintiff claims the defendant violated the fiduciary trust, i.e., non-disclosure. Your instructions covered this, we just can't agree exactly what you said when you gave us them. Is full disclosure the only alleged breach?
 
 
 9
 J.A. at 307-08. In debating over the appropriate response to this question, the Wades requested the district court to repeat the entire jury instructions. However, the district court elected to repeat only the jury instructions relating to the breach of fiduciary duty claim.
 
 
 10
 Following the re-reading of the relevant instructions, the district court sent the jury back to the jury room, but requested that they not begin further deliberations until receiving permission from the district court. Thereafter, the district court asked if either party had any objections to the repeated charge. Each party indicated that they had no objections to the repeating of the instructions relating only to the fiduciary duty claim. J.A. at 313. The jury then returned a verdict in favor of the defendant Waites and final judgment was entered on April 20, 1992.
 
 
 11
 The Wades appeal.
 
 II
 
 12
 The Wades first contend that an act capable of repetition impacts on the public under the UTPA.[4] Thus, the Wades conclude that evidence of one unfair act by the defendant can create a cause of action under the UTPA if it is capable of repetition, even without evidence that the act affected anyone other than the plaintiffs. We disagree.
 
 
 13
 To establish a claim under the UTPA, South Carolina law requires that the allegedly unfair acts "must have an impact upon the public interest." Noack Enterprises v. County Corner Interiors, 351 S.E.2d 347, 350 (SC App. 1986). South Carolina law also recognizes that "an unfair or deceptive trade practice has an impact on the public interest if it has the potential for repetition." Haley Nursery Co., Inc. v. Forrest, 381 S.E.2d 906, 908 (SC 1989). In addition, South Carolina law acknowledges that "it is possible for the adverse impact on public interest to be based on a private injury." Florence Paper Co. v. Orphan, 379 S.E.2d 289, 291 (SC 1989).
 
 
 14
 However, "the [UTPA] is not available to redress a private wrong where the public interest is unaffected." Noack Enterprises, 351 S.E.2d at 350. Thus, "an unfair ... practice that affects only the parties to a trade or commercial transaction is beyond[UTPA]'s embrace." Id. at 349-50 (emphasis added). Accordingly, "a mere breach of contract does not constitute a violation of the UTPA." South Carolina Nat'l. Bank v. Silks, 367 S.E.2d 421, 423 (SC App. 1988). See also, Columbia East Associates v. Bi-Lo, Inc., 386 S.E.2d 259, 263 (SC App. 1989).
 
 
 15
 Applying these principles to the present case reveals that the Wades have no claim under the UTPA. The Wades' evidence clearly indicates that the allegedly unfair act by Waites only affected the Wades. Thus, we conclude that the Wades' claim against Waites involved a purely private dispute between two parties. In such circumstances, there is no claim under the UTPA.[5]
 
 III
 
 16
 The Wades also claim that the district court erred in deciding to only re-read the original jury instructions pertaining to the breach of fiduciary duty claim in response to the jury's question about that claim. In support, the Wades rely on several cases which hold that the district court must help the jury in gaining a clear understanding of the legal and factual issues. See, e.g., Bollenbach v. U.S., 66 S. Ct. 402, 405 (1946) ("When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy."). See also, McClendon v. Reynolds, 432 F.2d 320 (5th Cir. 1970); Fitzpatrick v. Sooner Oil Co., 212 F.2d 548 (10th Cir. 1950). Thus, the Wades conclude that when the jury asked if the breach of fiduciary duty claim encompassed only the alleged failure to disclose, the district court should have responded that the claim also included Waites': (1) failure to provide a contingency in the land sale contract; (2) failure to tell the Wades that the County would not grant a building permit; and (3) alleged negligence.
 
 
 17
 We reject the Wades' argument for two reasons. First, the record reflects that the Wades failed to properly preserve this issue on appeal because they failed to make a timely objection. Although the Wades initially asked the district court to re-read the entire jury instructions, when the district court refused, read only a part of the instructions and then asked if there were any objections, the Wades responded "None, Your Honor." J.A. at 313.
 
 
 18
 Second, the cases cited by the Wades do not apply in the present case. Those cases require the district court to clarify a jury's misunderstanding of any legal or factual issues. In the present case, however, the second question by the jury clearly indicates that the jury only sought to refresh its memory. Specifically, the jury asked "We can't remember exactly how the plaintiff claims the defendant violated the fiduciary trust, i.e., non-disclosure.... Your instructions covered this, we just can't agree exactly what you said when you gave us them." J.A. at 307-08. Thus, the jury's question clearly indicates that the original instructions were sufficient and that the jury only wanted to refresh its memory. Under such circumstances, there is no abuse of discretion in simply re-reading the relevant portion of the jury instructions.
 
 IV
 
 19
 For the reasons stated herein, the decision of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 We also grant the Wades' motion for leave to file a reply brief out of time, filed on February 26, 1993
 
 
 [2]
 The Wades do not claim that Waites is responsible for this erroneous impression
 
 
 [3]
 Mathias was subsequently dismissed as a party to the action
 
 
 [4]
 The UTPA is codified at S.C. Code Ann. § 39-5-10, et seq. The Act provides that "unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20(a). The UTPA also provides that "any person who suffers any ascertainable loss of money ... as a result of ... an unfair or deceptive method, act or practice declared unlawful by § 39-520 may bring an action individually...." S.C. Code Ann. § 39-5-140(a)
 
 
 [5]
 We also note an alternative ground for rejecting the Wades' argument. The UTPA requires proof of an "unfair or deceptive" act before a plaintiff can recover damages. In the present case, the fact that the jury found for Waites on all of the Wades' other claims establishes that none of the acts which the Wades complain of were "unfair or deceptive."