**ORANGEBURG PECAN COMPANY, INC., Plaintiff,**

v.

**FARMERS INVESTMENT CO., Defendant.**

**Civ. A. No. 5:93–1787–22.**

United States District Court, D. South Carolina, Orangeburg Division.

July 27, 1994.

See also 869 F.Supp. 351.

**360**

Robert P. Wood, Columbia, SC, for plaintiff.

John C.B. Smith, Jr., Columbia, SC, for defendant.

## ORDER

CURRIE, District Judge.

This action arises out of an alleged breach of a contract to supply pecans. A full recitation of the facts is set forth in this court's order filed July 11, 1994, 869 F.Supp. 351. In that order the court denied Defendant's Motion to Dismiss for lack of personal jurisdiction, and granted the parties additional time to submit further evidence on Defendant's Motion to Dismiss/Summary Judgment on the South Carolina Unfair Trade Practices Act (UTPA) claim. Defense counsel has submitted a letter to the court representing that no claims similar to the present one have been made against Defendant. Plaintiff's counsel has offered no further argument or evidence on the UTPA claim.

The court has carefully reviewed the entire record in this matter and concludes that Plaintiff's second cause of action based on an alleged UTPA violation should be dismissed. Accordingly, the Clerk of Court will enter summary judgment for Defendant on the UTPA claim.

## FACTS

Plaintiff is a South Carolina pecan sheller. Defendant is a large-scale pecan grower and processor. The present dispute arose out of an alleged contract for the sale of reworkable pecans by Defendant to Plaintiff. The pecan operations of both parties are on the wholesale level; thus, Plaintiff and Defendant could be characterized as competitors in the market, even though their geographic sales areas do not typically overlap. From time to time both parties would exchange or sell pecans to the other in order to fill shortages. The present dispute erupted out of a shipment of nonconforming pecans to Plaintiff in May 1993.

## DISCUSSION

Plaintiff's complaint alleges that Defendant "willfully, wantonly, knowingly or recklessly shipped to the Plaintiff 1850 cases of pecans which it knew or should have known did not conform to the [earlier] samples" shipped to Plaintiff by Defendant. The complaint further alleges that Defendant shipped the inferior pecans with the expectation that this could force Plaintiff to choose between either accepting the vastly inferior pecans or paying a large sum of money to return the nonconforming goods.

Defendant now moves, pursuant to Rule 56(b), Fed.R.Civ.P., for summary judgment on the UTPA claim based on its argument that the South Carolina Unfair Trade Practices Act, S.C.Code Ann. §§ 39–5–10 *et seq.*, is inapplicable to a case such as the present one, which involves merely a private dispute between commercial parties that does not affect the public interest. Moreover, Defendant urges that for a dispute between commercial entities to satisfy the public impact requirement of the UTPA there must be a potential for repetition of the acts or practices, which Defendant points out is totally lacking in the instant dispute. Although Plaintiff to a large extent agrees with Defendant's characterization of the UTPA law in Defendant's brief, Plaintiff argues that Defendant's alleged wrongdoing could happen again to the next buyer of pecans, and is, therefore, within the purview of the UTPA.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed.R.Civ.P. 56(c). When the defendant is the party moving for summary judgment and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here Plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The South Carolina UTPA, S.C.Code Ann. § 39–5–140(a), creates a private right of action in favor of "any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39–5–20." Defendant claims that the preceding Act is inapplicable to lawsuits between competitors in which there is no direct effect upon the public, citing *Florence Paper Co. v. Orphan*, 298 S.C. 210, 379 S.E.2d 289 (1989) ("such an [public] impact could not be inherent in this situation where only direct competitors are involved"); *see also LaMotte v. Punch Line of Columbia, Inc.*, 296 S.C. 66, 370 S.E.2d 711 (Ct.App. 1988) (no public interest involved in suit between competitors). Plaintiff responds that suits like the present one between competitors may satisfy the public impact requirement of *Noack Enterprises, Inc. v. Country Corner Interiors of Hilton Head Island*, 290 S.C. 475, 351 S.E.2d 347 (Ct.App.1986) as long as the unfair acts "have the potential for repetition." 290 S.C. at 480, 351 S.E.2d at 351.

The court has reviewed the governing South Carolina cases interpreting the public impact requirement of the UTPA, as well as guiding Fourth Circuit law. Based on its examination, and the application of undisputed facts of this case to such law, the court is constrained to conclude that dismissal of Plaintiff's UTPA is compelled because Plaintiff has failed to adduce any evidence whatsoever that the alleged acts of wrongdoing are capable of repetition. Accordingly, no showing of public impact exists and summary judgment under Rule 56(e) must be granted on the UTPA claim.

In *Ardis v. Cox*, —— S.C. ——, 431 S.E.2d 267 (Ct.App.1993), the court of appeals affirmed the trial judge's grant of summary judgment to the defendant on a UTPA claim in an action brought by an operator of a gasoline service station against a seller of underground tanks. The operator alleged that the seller had failed to inform it of certain vital information with respect to the storage capacity of the tanks, DHEC registration, and possible penalties. In affirming the grant of summary judgment, the appeals court accepted the trial judge's finding that all the evidence showed that this was an isolated sale between private individuals and that no other similar transactions were made or contemplated. It also affirmed the trial judge's conclusion that there was no evidence that the transaction would affect the public because it was capable of repetition. The court in *Ardis*, citing its earlier ruling in *The Key Co., Inc. v. Fameco Distributors, Inc.*, 292 S.C. 524, 357 S.E.2d 476 (Ct.App.1987), reiterated that a deliberate or intentional breach of a valid contract, without more, does not constitute a violation of the UTPA. —— S.C. at ——, 431 S.E.2d at 271.

In *Keys*, the court of appeals reversed a jury verdict on a UTPA claim in an action brought by an owner of coin-operated video game machines against a nightclub owner. The plaintiff alleged the defendant's actions of disconnecting the machines and moving them to less desirable locations within the nightclub and in deliberately breaching the contract between the parties was an unfair trade practice. In rejecting this contention and finding an absence of public impact, the court of appeals noted, "were we to agree with [Plaintiff's] theory in this case, every intentional breach of a contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages." *Key*, 292 S.C. at 530, 357 S.E.2d at 478.

The Fourth Circuit Court of Appeals has also applied the public impact requirement of the UTPA in a commercial setting. In *Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502 (4th

**362**

Cir.1992), the Court of Appeals, on remand from the United States Supreme Court, found no UTPA claim where an outdoor advertising company alleged that another advertising company had conspired with a city to keep it out of a local market. Importantly, the plaintiff in *Omni* asserted that the public interest requirement was satisfied by its allegations of double billing by defendant, which allegedly resulted in inflated costs being passed on to customers. In rejecting this argument, the court noted first that there was no basis "other than sheer speculation" to find the existence of higher advertising costs being passed on to customers, *id.* at 507, and cited *Florence Paper* for the proposition that South Carolina courts have consistently rejected speculative claims of adverse public impact and required evidentiary proof of such effects. Moreover, the court went on to conclude that even if the advertising costs were shown to be higher, "this was simply a private injury suffered by the purchasing advertisers," *id.* The court in *Omni* concluded by observing,

> While every private dispute doubtless has remote public ramifications, these cannot be held to satisfy the element of injury to the public interest which is a prerequisite to any recovery under the UTPA. Were we to rule otherwise, every ordinary commercial dispute would become a candidate for the extraordinary remedies provided by the Act.

*Id.* at 507–08.

Like the plaintiffs in the above cited cases, Plaintiff here has done little more than chant phrases like "public interest" and "public impact" without producing a shred of evidence that such alleged wrongdoing is capable of repetition, or was, in fact, repeated. Rather, the undisputed evidence is that there were no prior similar incidents with other parties and that this was, at most, an isolated instance between two commercial parties in which nonconforming goods were allegedly intentionally shipped in breach of a contract. Although Plaintiff has tried valiantly to convert this garden variety breach of contract claim into a UTPA claim, the assertion that inflated costs were passed on to customers, and thus that the requisite showing of public

interest is satisfied, is sheer speculation on this record. Moreover, even if such showing could be made, the Fourth Circuit in *Omni* indicated that this would still be merely a private injury.

When a proper showing for summary judgment is made out, the adverse party must set forth specific facts establishing that there is a genuine issue for trial. Rule 56(e), Fed. R.Civ.P. If he does not so respond, summary judgment shall be entered. The court concludes that no genuine issue remains for trial as to the public impact requirement of the UTPA claim and, accordingly, Defendant's Motion to Dismiss/Summary Judgment on that issue is granted.

IT IS SO ORDERED.