22514

Glenn P. CARVER, Appellant v. Paul J. BLANFORD and Greta Blanford, Respondents.

(342 S. E. (2d) 406)

Supreme Court

*Harold A. Boney,* of *Howell, Gibson & Boney,* Beaufort, *for appellant.*

*Joseph R. Barker,* of *Bethea, Jordan & Griffin,* Hilton Head Island, *for respondents.*

Heard Feb. 24, 1986.

Decided March 31, 1986.

GREGORY, Justice:

Appellant Glenn P. Carver purchased 100% of the stock in Respondents' business. Thereafter, Carver commenced this action alleging two causes of action. The first sought rescission of the purchase agreement pursuant to S. C. Code Ann. § 35-1-1490 (1976). The second cause of action alleged fraud. The trial judge sustained demurrers to both causes of action. This appeal followed. We affirm in part and reverse in part.

As to the first cause of action, the trial judge ruled that the sale of stock in a close corporation did not come within the protection of the Uniform Securities Act. [S. C. Code Ann. §§ 35-1-10, *et seq.* (1976) ]. We disagree.

The resolution of this issue depends on whether stock in a close corporation is a security within the meaning of the Act. This is a question of first impression in South Carolina;[1] however, federal case law will be looked to for guidance in interpreting the Uniform Securities Act. *Bradley v. Hullander,* 272 S. C. 6, 249 S. E. (2d) 486 (1978).

In two recent cases, the United States Supreme Court has dealt with this issue. *Landreth Timber Co. v. Landreth,* 471 U. S. ___ , 105 S. Ct. 2297, 85 L. Ed. (2d) 692 (1985); *Gould v. Ruefenacht,* 471 U. S. ___ , 105 S. Ct. 2308, 85 L. Ed. (2d) 708 (1985). These cases adopted a bright line rule, holding that sales of stock in close corporations fall within the federal securities laws if the instruments are labelled stock, and have the usual characteristics of stock. Today, we adopt the *Landreth-Gould* rule. The stock involved in the instant case clearly falls within the protection of the Uniform Securities Act since it is labelled stock and bears all the usual characteristics of stock.

---

[1] In *Bradley v. Hullander,* 272 S. C. 6, 249 S. E. (2d) 486 (1978), this Court applied the Uniform Securities Act to the sale of a close corporation; however, in that case, neither party raised the issue of the applicability of the act.

Respondents argue, however, that the "Sale of Business Doctrine" removes this transaction from the Act. They note this sale involved 100% of the stock in the Corporation. The "Sale of Business Doctrine" only applies where control is *clearly* passed from seller to buyer. *Landreth; Gould.* Control cannot be determined based solely on the percentage of stock transferred. *Gould,* 105 S. Ct. at 2310-11. Since this appeal arises from the grant of a demurrer, the applicability of the doctrine is impossible to determine on the record before us.

Therefore, the demurrer as to the first cause of action should have been overruled. However, the demurrer as to the second cause of action was properly sustained.

The second cause of action alleged fraud; however, appellant admits he did not plead the nine elements of fraud. Thus, it fails to state a cause of action. *Warr v. Carolina Power & Light Co.,* 237 S. C. 121, 115 S. E. (2d) 799.[2]

Accordingly, the order sustaining the demurrer as to the first cause of action is reversed. The order sustaining the demurrer as to the second cause of action is affirmed.[3]

Affirmed in part; reversed in part.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] The complaint appears to allege fraud in the sale of securities under S. C. Code Ann. § 35-1-1210 (1976); however, appellant admits this statute does not create a private cause of action.

[3] Of course, under the trial judge's order, appellant is granted leave to amend the complaint.