0757

SOUTH CAROLINA NATIONAL BANK, Respondent v. B. Dale JOYNER and Charlotte E. Joyner, Appellants.

(346 S. E. (2d) 329)

Court of Appeals

*Howard Hammer* of *Hammer & Bernstein* and *Scott Elliott,* Columbia, *for appellants.*

*Leon C. Banks* of *Cooper Beard & Dibble,* Camden, *for respondent.*

Heard May 29, 1986.

Decided July 21, 1986.

GARDNER, Judge:

South Carolina National Bank (SCN) sued B. Dale Joyner (Mr. Joyner) and Charlotte Joyner (Mrs. Joyner) on a debt owed by Mr. Joyner allegedly guaranteed by a continuing Guaranty Agreement of Mrs. Joyner. The debt to SCN was at one time secured by a second mortgage which was foreclosed by the first mortgagee; the foreclosure sales price was insufficient to pay SCN's debt; this action was brought by SCN against Mr. Joyner for the deficiency and Mrs. Joyner

on the alleged Guaranty Agreement. The appealed order granted summary judgment in favor of SCN. We affirm in part, reverse in part and remand.

The issues are whether (1) SCN waived deficiency judgment in the foreclosure action and thereby is barred from bringing this action and (2) the trial judge erred in holding there was no issue of fact as to the cause of action against Mrs. Joyner based upon the Guaranty Agreement.

Both Mr. and Mrs. Joyner argue that SCN cannot pursue this action because the debt asserted by SCN was the subject of a foreclosure action in which SCN waived deficiency judgment.

The *pro se* answers of Mr. and Mrs. Joyner are in the form of a letter or affidavit, first by Mrs. Joyner and then by Mr. Joyner. The answers are jumbled. Mrs. Joyner, after stating that the bank had waived deficiency judgment in the foreclosure proceeding, asserted in her answer this:

> The attorney representing me talked with someone in Columbia, South Carolina, representing SCN about reducing the loan and he led us to believe that the bank was prepared to bid the property in and purchase it at public auction. Thereafter we stopped efforts trying to purchase the property.

Mr. Joyner alleged:

> I feel no obligation to South Carolina National Bank because South Carolina National Bank waived its right to a deficiency judgment in the case of *Palmetto State Savings and Loan Association v. B. Dale Joyner and Charlotte Joyner and Carolina Oil Co. of Bishopville and South Carolina National Bank.* Therefore I ask that this action be dismissed.

In her affidavit opposing summary judgment, Mrs. Joyner asserted:

> That moreover, she was informed at the time of the sale of the property securing payment on the loan for which she is alleged to have guaranteed payment, that the plaintiff was waiving any deficiency and she therefore believes she was released by operation of law from any

further obligation to the bank since she had not signed any type of Guaranty Agreement.

None of the pleadings of the case of *Palmetto State Savings and Loan Association v. Joyner, et al.,* are of record; however, the appealed order contained the following:

Plaintiff had a second Mortgage on the business property jointly owned by the Defendants as discussed previously. In October, 1983, a prior lien holder of this property foreclosed on its mortgage. A public sale of the property failed to provide sufficient monies with which to pay both mortgages, and Plaintiff's account is outstanding in the amount of $27,174.92. In its Answer in the original foreclosure action, *Plaintiff did not request a deficiency judgment* in the event public sale provided insufficient funds with which to pay its Mortgage. Plaintiff requested the property be sold and the sale proceeds by [sic] applied to its Mortgage. Defendant Charlotte E. Joyner has alleged that such failure to pray for a deficiency judgment amounts to a waiver of a deficiency judgment. [Emphasis ours.]

The record contains the second mortgage and the promissory note to SCN. The note is not signed by Mrs. Joyner; she did join in the execution of the mortgage. Since the record of the foreclosure proceeding is not before us, we make the logical assumption, as is reflected in the appealed order, that Palmetto State Savings and Loan Association, who owned the first mortgage, instituted a foreclosure proceeding against both Mr. and Mrs. Joyner and that SCN in its responsive pleadings asked for foreclosure of its mortgage but did not assert its claim against Mrs. Joyner on the continuing Guaranty Agreement allegedly signed by her nor seek judgment against Mr. Joyner on the debt.

Mrs. Joyner made no exception to the appealed order on the basis of *res judicata* i.e., that SCN could have, in the foreclosure action, litigated its claim against her on the Guaranty Agreement. Since no such exception was taken, we do not address this issue and indeed may not. *Amick v. Hagler*, 286 S. C. 481, 334 S. E. (2d) 525 (Ct. App. 1985). We note that an exception raised on appeal must be on

the same ground as the corresponding objection in the lower court. *Beck v. Gibson*, 268 S. C. 627, 235 S. E. (2d) 716 (1977).

South Carolina Supreme Court Rule 8, Section 7, provides:

> This court will not consider any fact which does not appear in the transcript of record and therefore counsel must not embody in their briefs any fact which does not appear in the transcript of record. Nor will any facts stated in an exception be considered unless it appears from the transcript of record that it is true.

Under this rule of appellate procedure, it became incumbent upon the appellants to include in the transcript of record the pertinent pleadings of the Palmetto Savings and Loan foreclosure action in order to support Mr. Joyner's position that deficiency judgment was waived by SCN in that action. Under general principles of mortgage law, a mortgagee is not denied the full amount due him merely because he elects intially to pursue his remedy by foreclosure. Obtaining an order for deficiency judgment is an accepted sequel to foreclosure and when done, it is taken as a matter of course. *National Bank of South Carolina v. Smotts*, 280 S. C. 126, 311 S. E. (2d) 98 (Ct. App. 1984). From the record before us, we can only conclude that the case before us is such an action. The burden was upon appellants Mr. and Mrs. Joyner to include in the record facts to refute this and they failed to do so.

For these reasons we reject the contention of Mr. Joyner that the bank waived deficiency judgment and is precluded from bringing this action. And we so hold.

We find merit in the second question presented by Mrs. Joyner, i.e., that the trial judge erred in finding that there was no material fact at issue as to the Guaranty Agreement.

Mrs. Joyner's *pro se* answer contains this:

> Now you are trying to get a judgment against me for $26,174.92 on a Continuing Guaranty of Payment that you say I signed when Dale renewed the $10,000.00 note. I thought it was odd that I had to renew the note when I was never required to do this before when Dale obtained notes from the bank. My signature had to be obtained by trickery. I would never of signed anything like this document knowingly. The only way you could have done

this was to have had it under the note that Dale signed and told me to sign the bottom copy which was supposed to be another copy of the $10,000.00 note.

It is elementary that the principal purpose of pleadings is to inform the pleader's adversary of legal and factual positions which he will be required to meet on trial. *Langston v. Niles,* 265 S. C. 445, 219 S. E. (2d) 829 (1975). We hold that the above quote fairly advised SCN that Mrs. Joyner denied having signed the Guaranty Agreement and her signature, if obtained, was obtained by trickery in the manner specified.

Furthermore, on the motion for summary judgment, Mrs. Joyner filed an affidavit in which she asserted that at no time had she ever agreed to or signed a continuing Guaranty Agreement on behalf of her husband or anyone else and that further she specifically denied having signed the Guaranty Agreement set forth in the complaint.

Summary judgment is appropriate only when there are no genuine issues of fact to be tried. *Sumter Dairies, Inc. v. Pelfrey,* 268 S. C. 437, 234 S. E. (2d) 490 (1977). Furthermore, summary judgment is granted only when plain, powerful and indisputable facts exist on which reasonable minds cannot differ. All ambiguities, conclusions and inferences arising from the evidence are construed most strongly against the moving party, which was in this case SCN. *See Williams v. Chesterfield Lumber Co.,* 267 S. C. 607, 230 S. E. (2d) 447 (1976).

We hold that whether Mrs. Joyner signed the Guaranty Agreement and whether her signature was obtained by trickery and fraud are issues of fact which should have been decided by a jury. We, therefore, hold that the appealed order is erroneous insofar as it granted summary judgment against Mrs. Joyner.

For the reasons stated, the appealed order is affirmed as to Mr. Joyner and reversed and remanded for a trial as to the cause of action based on the alleged Guaranty Agreement against Mrs. Joyner.

Affirmed in part, reversed in part and remanded.

CURETON and GOOLSBY, JJ., concur.