22817

James C. INMAN, Respondent v. KEN HYATT CHRYSLER PLYMOUTH, INC., Appellant.

(363 S. E. (2d) 691)

Supreme Court

*John G. Felder, C. W. Whetstone, Jr.,* St. Matthews, and *Randall M. Chastain,* Columbia, *for appellant.*

*William R. Applegate,* West Columbia, *for respondent.*

Heard Nov. 16, 1987.

Decided Jan. 11, 1988.

GREGORY, Justice:

Respondent Inman commenced this action against appellant Ken Hyatt Chrysler Plymouth, Inc. (Dealer) for fraud and a violation of the South Carolina Unfair Trade Practices Act, S. C. Code Ann. § 39-5-20 (1985) (UTPA). The jury returned a verdict for Inman for $2,500 actual damages plus $100,000 punitive damages for fraud[1] and $2,500 actual damages for the UTPA violation. The trial judge doubled the UTPA award and allowed $4,000 attorney's fees as permitted by § 39-5-140(a). We reverse in part and affirm in part.

Inman bought a 1986 Chrysler Fifth Avenue from Dealer for $17,365. Dealer represented the car was a "new demonstrator" and "had all the bugs worked out." It had 3,482 miles on it at time of the purchase, a fact Inman acknowledged when he signed the purchase agreement. The vehicle was warranted as new.

Over the next year, Inman had trouble obtaining satisfactory service from Dealer. While battling with Dealer over repairs, Inman discovered the vehicle had been purchased by a Ms. Williams a short time before Inman himself bought the car. Ms. Williams returned the automobile eight days after signing a purchase agreement and taking possession. She had driven the vehicle 225 miles. Dealer refunded only $500 of the $3,000 Ms. Williams paid as a downpayment. The next day, Dealer sold the vehicle to Inman for $2,000 more than it had been sold to Ms. Williams.[2] Inman commenced this action upon discovering the prior sale to Ms. Williams.

At trial, the judge denied as untimely Dealer's motion ■ to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. This was error. As permitted under Rule 12(h)(2), SCRCP, a defense of "failure to state a cause of action upon which relief can be granted" may be raised at the trial on the merits. Under our

---

[1] The punitive damages award was remitted to $20,000.

[2] At trial the salesman explained the discount to Ms. Williams as a common practice when a customer does not trade in a vehicle as part of the deal.

state pleading rules, Rule 8, SCRCP, facts must be pleaded to state a cause of action. Failure to state sufficient facts and failure to state a cause of action upon which relief can be granted constitute the same defense under our state law. A defense of failure to state facts sufficient to constitute a cause of action under Rule 12(b)(6), SCRCP, is therefore properly raised at the trial on the merits pursuant to Rule 12(h)(2), SCRCP. The trial judge erred in refusing to consider this motion.

The motion to dismiss the fraud cause of action should have been granted on the ground Inman's complaint fails to allege all nine essential elements of fraud. The complaint omits allegations of the defendant's intent and the plaintiff's ignorance of the statement's falsity.[3] It is well-settled that a complaint is fatally defective if it fails to allege all nine elements of fraud. *Carver v. Blanford*, 288 S. C. 309, 342 S. E. (2d) 406 (1986); *Warr v. Carolina Power & Light Co.*, 237 S. C. 121, 115 S. E. (2d) 799 (1960); *see also Mutual Savings & Loan Ass'n v. McKenzie*, 274 S. C. 630, 266 S. E. (2d) 423 (1980) (holding a complaint omitting essential elements of defendant's intent and plaintiff's ignorance inadequate). Because the motion to dismiss should have been granted on this ground, we reverse the judgment on the fraud cause of action.

We agree with the trial judge, however, that the complaint is sufficient to withstand Dealer's challenge to the second cause of action. The complaint alleges Dealer's misrepresentation that the car was a "new demonstrator" and "had all the bugs worked out" constituted unfair and deceptive acts in violation of the UTPA.

Proof of common law fraud is not required to establish a UTPA violation. *State ex rel. McLeod v. C & L Corp.*, 280 S. C. 519, 313 S. E. (2d) 334 (1984). There is no need to show that a representation was intended to deceive but only that it had the capacity to do so. *Id; see also Clarkson v. Orkin Exterminating Co.*, 761 F. (2d) 189 (4th Cir. 1985) (need not show intentional deception under South Carolina UTPA). As recognized by the United States Supreme Court, it is a deceptive trade practice to sell a re-

---

[3] Inman made no motion to amend the complaint.

possessed product as new without disclosure, even if the product is as good as new. *Federal Trade Comm'n v. Colgate-Palmolive Co.*, 380 U. S. 374, 85 S. Ct. 1035, 13 L. Ed. (2d) 904 (1965). Inman's complaint stated sufficient facts to allege a UTPA violation and the motion to dismiss was properly denied.

Dealer challenges the constitutionality of the UTPA, § 39-5-20, which provides:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

Dealer contends this prohibition is unconstitutionally vague because it does not specify what acts are unlawful.

We reject this contention. The federal act, upon which our state UTPA is based, has long been upheld against this challenge. *See Sears R & Co. v. Federal Trade Comm'n*, 258 F. 307 (7th Cir. 1919). The United States Supreme Court has held the determination of what acts constitute "unfair methods of competition" is a matter of law for the courts to decide. *Federal Trade Comm'n v. Gratz*, 253 U. S. 421, 40 S. Ct. 572, 64 L. Ed. 993 (1920). Unfair trade practices are defined by common law. *Sears, supra.* We hold § 39-5-20 is not unconstitutionally vague.

Dealer's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See State v. Livingston*, 282 S. C. 1, 317 S. E. (2d) 129 (1984) (impeachment).

Accordingly, the judgment of the circuit court is reversed in part and affirmed in part.

NESS, C. J., and HARWELL, CHANDLER, and FINNEY, JJ., concur.