22885

Robert C. LaMOTTE, Jr., Wit's End, Inc., E. B. Glazebrook and B. O. Brooker, Appellants v. The PUNCH LINE OF COLUMBIA, INC., Gringo's, Inc., d/b/a Monterrey Jack's, Yesterday's, Bones, Inc., The Loft Oyster Bar and Restaurant, The Peddler of Columbia, Inc., The Parthenon Restaurant, Inc., Midlands Restaurant Associates, Inc., G. A. Gerald, Saluda Avenue Wine and Liquor Shop, Inc., Respondents.

(370 S. E. (2d) 711)

Supreme Court

*Victoria L. Eslinger* and *Deborah R. J. Shupe*, of *Berry, Dunbar, Daniel, O'Conner, Jordan and Eslinger*, Columbia, *for appellants.*

*Jean H. Toal* and *Jay Bender*, of *Belser, Baker, Barwick, Ravenel, Toal and Bender*, Columbia, *for respondent G. A. Gerald.*

*J. D. Medlin*, of *Medlin and Silver*, Columbia, *for respondent Saluda Avenue Wine and Liquor Shop, Inc.*

*Joseph M. Fullwood,* of *Rogers, Duncan, Fullwood and Derrick;* and *J. Mark Taylor,* of *Walker, Morgan and Taylor,* Lexington, *for respondents The Punch Line of Columbia, Inc., Gringo's, Inc., Yesterday's, Bones, Inc., The Loft Oyster Bar and Restaurant, The Peddler of Columbia, Inc., The Parthenon Restaurant, Inc.* and *The Midlands Restaurant Associates, Inc.*

Heard Feb. 6, 1988.

Decided June 27, 1988.

FINNEY, Acting Judge:

Appellants, a corporation and/or persons operating a business in Columbia, appeal circuit court's decision granting summary judgment to respondent merchants. We affirm in part and reverse in part.

Appellants Robert C. LaMotte, Jr., Wit's End, Inc., E. B. Glazebrook and B. O. Brooker planned to construct and operate a rooftop restaurant at 638 Harden Street, Columbia, South Carolina, commonly referred to as the Five Points area, where respondents operate neighboring business establishments. LaMotte and Wit's End presently operate a private club, the "Cotton Club," at this location and sought to enclose an additional 1,200 square feet for a restaurant.

Before obtaining a variance from the City of Columbia Zoning Board of Adjustment (Board of Adjustment) to begin construction, appellants had to comply with Section 6-3081(1)(a) of the Columbia City Code which required appellants to have three parking spaces within a certain proximity of the proposed restaurant. Consequently, appellants leased a lot with parking space for twenty-five to thirty automobiles. The Board of Adjustment approved appellants' parking plans and awarded the variance on the condition that the lease agreement and declaration of restrictions on another parcel of property remain effective and that any modifications of the lease would be subject to the Board's review and approval.

After holding several meetings to discuss appellants' plans to open a competing restaurant, respondents appealed the Board of Adjustment's decision granting appellants a variance. Appellants thereafter initiated this lawsuit

against respondents alleging three causes of action: (1) conspiracy to commit unfair trade practices; (2) violation of the Unfair Trade Practices Act; and (3) abuse of process. Respondents moved for summary judgment and a dismissal for failure to state a cause of action. The circuit court granted respondents' motions for summary judgment on all three causes of action.

Appellants first argue that the circuit court erred in granting summary judgment for respondents on their cause of action alleging conspiracy to commit unfair trade practices. *See* S. C. Code Ann. § 39-5-20 (1985). Appellants specifically complain that the respondents have conspired to restrict competition in the Five Points area, assert that the respondents have appealed the Board's ruling in furtherance of that conspiracy, and allege that appellants have suffered special damages as a result thereof.

In order to be entitled to summary judgment, the moving party must show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *See* S. C. Rule of Civ.P. 56(c) (1988); *Tom Jenkins Realty, Inc., v. Hilton,* 278 S. C. 624, 300 S. E. (2d) 594 (1983). In granting summary judgment on appellants' conspiracy to commit unfair trade practices cause of action, the circuit court concluded that respondents did not do anything unlawful and that their participation in the appeal cannot be considered a lawful act done in an unlawful way. *See Charles v. Texas Co.,* 192 S. C. 82, 5 S. E. (2d) 464 (1939). This court, in *Todd v. South Carolina Farm Bureau Mut. Ins. Co.,* 276 S. C. 284, 278 S. E. (2d) 607 (1981), distinguished a civil conspiracy from a criminal conspiracy. 278 S. E. (2d) 611. A civil conspiracy is a combination of two or more persons joining for the purpose of injuring the plaintiff and causing special damage to the plaintiff. *Id; see also Charles v. Texas Co., supra,* and *Yaeger v. Murphy,* 291 S. C. 485, 354 S. E. (2d) 393 (Ct. App. 1987). On the other hand, criminal conspiracy consists of a combination of two or more persons combined for the purpose of accomplishing an unlawful objective, or a lawful objective, by unlawful means. *See Lee v. Chesterfield General Hospital, Inc.,* 289 S. C. 6, 10, 344 S. E. (2d) 379, 381 (Ct. App. 1986).

Using the criminal conspiracy definition, the circuit court concluded that respondents did not engage in any unlawful activity, but merely exercised a legal privilege to appeal a decision of the Board of Adjustment. In recognition of the fact that the circuit court used the incorrect definition, respondents argue that summary judgment would be proper even if it had used the civil conspiracy definition. *See, e.g., Westbury v. Bauer,* 284 S. C. 385, 326 S. E. (2d) 151 (1985) (appellate court may affirm correct decision of lower court even if based on an erroneous ground).

An action for civil conspiracy may exist even though ■ respondents committed no unlawful act and no unlawful means were used. *Charles v. Texas Co., supra; Lee v. Chesterfield General Hospital, Inc., supra.* Specifically, it is not necessary for a plaintiff asserting a civil conspiracy cause of action to allege an unlawful act in order to state a cause of action, although a civil conspiracy may be furthered by an unlawful act. *Lee v. Chesterfield General Hospital, Inc.,* 344 S. E. (2d) at 382. Thus, lawful acts may become actionable as a civil conspiracy when the "object is to ruin or damage the business of another." *Charles v. Texas,* 199 S. C. 156, 170, 18 S. E. (2d) 719, 724 (1942) (quoting 11 Am. Jur., at 578). Appellants allege that respondents combined forces to injure them by preventing the opening of their restaurant, and thereby caused appellants to suffer special damages. We find appellants' assertions[1] to be disputable issues of fact and conclude that the circuit court erred in granting summary judgment for respondents on appellants' conspiracy cause of action. Accordingly, we reverse the circuit court's ruling.

Next, appellants aver that the circuit court erred in ■ ■ granting summary judgment for respondents on appellants' cause of action alleging a violation of the Unfair Trade Practices Act. S. C. Code Ann. § 39-5-20 (1985).

The circuit court, relying on *Noack Enterprises, Inc., v. Country Corners Interiors,* 290 S. C. 475, 351 S. E. (2d) 347 (Ct. App. 1986), determined that the respondents did not engage in any acts or practices that impacted on the interest

---

[1] The pleadings and the record indicate that respondents held meetings and circulated correspondence allegedly containing misrepresentations designed to keep appellants' restaurant from opening.

of the people of the state. As a consequence, the circuit court concluded that the Unfair Trade Practices Act is unavailable to redress private wrongs if the public interest is unaffected. *Id.* We affirm the circuit court's decision.

Appellants further argue that the circuit court erred in granting summary judgment on appellants' cause of action alleging abuse of process.

It is well settled that two essential elements are required for an abuse of process action: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings. *Johnson v. Painter*, 279 S. C. 390, 307 S. E. (2d) 860 (1983); *Huggins v. Winn-Dixie of Greenville, Inc.*, 249 S. C. 206, 153 S. E. (2d) 693 (1967). Our review of the record indicates that appellants have not asserted a cause of action for abuse of process because they have not alleged that respondents engaged in "a willful act in the use of the process not proper under regular conduct of the proceedings." *Johnson v. Painter*, 307 S. E. (2d) at 860. Thus, we conclude that the circuit court properly granted respondents' motion for summary judgment on the abuse of process cause of action.

In sum, we reverse the circuit court's decision granting respondents summary judgment on appellants' conspiracy to commit unfair trade practices cause of action. We affirm the circuit court's decision to grant summary judgment on the causes of action for violation of The Unfair Trade Practices Act and abuse of process. Appellants' remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.