THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Air First Aviation Companies, Inc., a Georgia corporation 
 registered to do business in South Carolina,       
Appellant,
 
 
 

v.

 
 
 
 Midwest Aviation Center, Inc., an Ohio corporation 
 not registered to do business in South Carolina, Commercial Aircraft Services, 
 Inc., an Ohio corporation not registered to do business in South Carolina, Michael 
 J. Fricker and Fred Arthur Calvert,       
 Defendants,
Of whom Fred Arthur Calvert is,       
Respondent.
 
 
 

Appeal From Aiken County
J. C. Nicholson, Jr., Circuit Court 
 Judge

 Unpublished Opinion No. 2003-UP-075
Submitted June 3, 2002 - Filed January 28, 2003

AFFIRMED

 
 
 
Richard E. Miley, of N. Augusta; and Charles C. 
 Stebbins, III of Augusta, GA, for appellant. 
John A. Hodge, of Columbia, for respondent.    
 
 
 

PER CURIAM:  In this dispute involving a 
 contract for the inspection and service of two airplanes, Air First Aviation 
 Co., Inc. appeals the grant of summary judgment to defendant Fred Calvert.  
 We affirm.  
FACTS/PROCEDURAL HISTORY
In 1996, Air First Aviation purchased two used 
 Fokker F27 turboprop airplanes in "as is" condition from Hawaii's Mahalo Airlines, 
 ferrying them from Honolulu to Aiken, South Carolina.  Several months later, 
 Air First contacted Midwest Jet Center, an aircraft repair and maintenance business 
 located in Cincinnati, Ohio, to see if the company could inspect and service 
 the aircraft, including swapping their engines.  In the course of negotiations, 
 Fred Calvert, Midwest's Vice-President and Director of Maintenance, made two 
 trips to South Carolina.  Based on Calvert's assertion that Midwest was authorized 
 to perform A, B, C, and D aircraft inspections, Air First and Midwest entered 
 into a contract on June 30, 1997, whereby Air First agreed to pay Midwest $125,000 
 to perform a "D" inspection on one of the planes and swap the engines as previously 
 discussed.  
Part way through the inspection process, Midwest 
 began preparing for the engine swap.  In so doing, Calvert contacted Rolls Royce, 
 the manufacturer of the aircraft engines, to inquire about leasing some specialized 
 testing equipment.  At that time, he was surprised to learn Rolls Royce considered 
 the engines unserviceable because they previously had been stored improperly 
 in a hot and salty Hawaiian environment.  Rolls Royce officials informed Calvert 
 that the engines would need a complete overhaul and corrosion assessment before 
 they could be recertified as airworthy, a complicated mechanical undertaking 
 for which Calvert and Midwest were not rated.  Because federal regulations require 
 the company to adhere to the engine manufacturer's recommendations, Midwest 
 was unable to meet its contractual obligations.  
Air First subsequently filed the instant action 
 alleging breach of contract accompanied by a fraudulent act, violation of the 
 South Carolina Unfair Trade Practices Act, and civil conspiracy, premising each 
 cause of action on allegedly false and misleading statements by Calvert and 
 another Midwest representative in South Carolina concerning Midwest's ability 
 to perform the contract.  In May 2000, Calvert filed a motion for summary judgment, 
 which the trial court granted on August 25, 2000.  This appeal followed.  
LAW/ANALYSIS
Standard of Review
Summary judgment is proper when it is clear there 
 is no genuine issue as to any material fact and the moving party is entitled 
 to judgment as a matter of law.  West v. Gladney, 341 S.C. 127, 533 S.E.2d 
 334 (Ct. App. 2000); see Rule 56, SCRCP.  Such relief can be granted
"when plain, palpable, and undisputed facts exist on which reasonable minds 
 cannot differ."  Trico Surveying, Inc. v. Godley Auction Co., Inc., 314 
 S.C. 542, 544, 431 S.E.2d 565, 566 (1993).  When deciding a motion for summay 
 judgment, the trial court "must view the evidence and the inferences which can 
 be drawn therefrom in the light most favorable to the non-moving
party."  West, 
 341 S.C. at 132, 533 S.E.2d at 336.  
Air First initially contends Calvert=s summary 
 judgment motion was premature, alleging it was not allowed adequate time for 
 discovery.  This issue is not preserved for appellate review.  
The record reveals the following statement by Air 
 First counsel at the motion hearing:   

And then there's a motion for summary judgment
that's been 
 made by the defendant, Fred Calvert.  And Mrs. Campano's office informed me 
 that that motion was going to be heard today.  I did not receive notification 
 from the court, but I have no objection to it being heard today.  We're 
 prepared to argue that motion also in addition to our default judgment motion.  

At no time during the hearing did Air First assert 
 an objection to the motion based on a failure to obtain outstanding discovery.  
 The issue, therefore, is not preserved for our review.  See Baughman 
 v. Am. Tel. & Tel. Co., 306 S.C. 101, 410 S.E.2d 537 (1991) (finding 
 plaintiffs= argument that outstanding discovery should preclude summary judgment 
 not preserved where plaintiffs failed to  raise the issue to the trial court).  

Air First next argues the trial court erred in 
 granting summary judgment because "[t]here is a jury issue as to whether representations 
 made by Calvert were false so as to support a claim for fraud."  What Air First 
 fails to note, however, is that it never asserted a claim for fraud-neither 
 its original or amended complaint, nor the trial court's summary judgment order 
 references a cause of action for fraud.  Accordingly, there is no issue for 
 this Court to address in this regard. 
 [1]   
Air First further asserts the trial court improperly 
 granted summary judgment on its civil conspiracy claim.  We disagree.  
Civil conspiracy in South Carolina is a common 
 law tort consisting of three elements:  (1) a combination of two or more persons, 
 (2) for the purpose of injuring the plaintiff, (3) which causes him special 
 damage.  Swinton Creek Nursery v. Edisto Farm Credit, ACA, 326 S.C. 426, 
 483 S.E.2d 789 (Ct. App. 1997), rev'd in part on other grounds, 
 334 S.C. 469, 514 S.E.2d 126 (1999).  The crux of the tort is a combined action 
 whose "object is to ruin or damage the business of another."  See id. 
 at 438, 483 S.E.2d at 795 (quoting  LaMotte v. Punch Line of Columbia, Inc., 
 296 S.C. 66, 70, 370 S.E.2d 711, 713 (1988)). 
Notwithstanding the fact that Air
First's amended 
 complaint more closely approximates a cause of action for fraudulent inducement 
 rather than civil conspiracy, we find Air First presented no facts tending to 
 rebut Calvert's deposition testimony explaining Midwest's failure to perform.  
 We therefore agree with the trial court that the record contains no evidence 
 Calvert made a false statement or misrepresentation, much less that such was 
 done for the purpose of injuring Air First's business.  
Viewing the evidence in a light most favorable 
 to Air First, there is no issue of material fact concerning the alleged falsity 
 of Calvert's representations regarding Midwest's ability to handle the contract.  
 The record clearly reflects that Midwest and Calvert were certified by the Federal 
 Aviation Administration to perform A, B, C, and D inspections on Fokker F27 
 aircraft.  Such certification is tangible evidence that both were qualified 
 and capable of performing the work  required by the contract.  Contrary to Air
First's assertions, the record evidence indicates the sole reason Midwest failed 
 to perform was the revelation, previously unknown to Calvert and Midwest, that 
 Rolls Royce had declared the aircraft engines unserviceable. 
Moreover, the document entitled
"Contract and Payment Terms" states on its face that "[n]o parts or outside services will be 
 purchased without the written consent of Air 1st." (emphasis added)  
 This language contemplates assistance to Midwest from other companies, subject 
 only to the requirement of prior written approval from Air First, and negates 
 any inference that Midwest and only Midwest was to perform work on the aircraft.  

Air First additionally argues the trial court erred 
 in finding the South Carolina Unfair Trade Practices Act (UTPA) inapplicable 
 to the facts as alleged.  Again, we disagree.  
First and foremost, the UTPA
"is unavailable to 
 redress private wrongs if the public interest is unaffected."  Ardis v. Cox, 
 314 S.C. 512, 518, 431 S.E.2d 267, 271 (Ct. App. 1993); see Noack 
 Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc., 290 
 S.C. 475, 479, 351 S.E.2d 347, 350 (Ct. App. 1986) ("To be actionable under 
 the UTPA, therefore, the unfair or deceptive act or practice in the conduct 
 of trade or commerce must have an impact upon the public
interest.").  Thus, 
 unfair or deceptive acts or practices that affect only the parties to a commercial 
 transaction are beyond the UTPA's embrace.  Ardis, 314 S.C. at 518-19, 
 431 S.E.2d at 271.  Even a deliberate or intentional breach of contract, without 
 more, does not constitute a violation of the UTPA.  See id. at 
 519, 431 S.E.2d at 271. 
As with Air First's other claims, the alleged UTPA 
 violation is based upon 
the purported misrepresentations regarding
Midwest's 
 ability to perform under the contract.  Because Air First failed to rebut Midwest=s 
 evidence showing the statements in question were not false, as noted above, 
 we also find the trial court properly granted summary judgment on this cause 
 of action.  Furthermore, as it is quite clear the underlying contract involves 
 private parties only and in no way implicates the public interest, we agree 
 with the trial court that the UTPA simply does not apply.  
Finally, since we conclude Air First has no viable 
 cause of action against Calvert, we need not address its remaining argument 
 concerning personal jurisdiction.  
AFFIRMED. 
CURETON, STILWELL, and SHULER, JJ., concur. 

 
 [1]   Of course, 
 Air First did initiate an action for breach of contract accompanied by a fraudulent 
 act.  However, according to the trial court=s order, this cause of action 
 was dismissed with Air First=s consent Ainsofar as Defendant Calvert was not 
 a party to the Contract.@