THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bank of Greeleyville, Respondent,
v.
Ronnie L. Poston, Appellant.
 
 
 

Appeal From Williamsburg County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2005-UP-497
Submitted August 1, 2005  Filed August 22, 2005  

AFFIRMED

 
 
 
W. Duvall Spruill, of Columbia, for Appellant.
James D. Cooper, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  This is an action brought by the Bank of Greeleyville (Bank) against Ronnie L. Poston to collect on a promissory note.  The trial court directed a verdict in favor of the Bank, dismissed Postons counterclaim for negligent or willful misrepresentation, and awarded attorneys fees to the Bank.  On appeal, Poston argues there was sufficient evidence of the Banks participation in an alleged check-kiting scheme by another customer to create a jury question.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:
1.  The trial court properly directed a verdict in favor of the Bank and dismissed Postons counterclaim based on misrepresentation because Poston failed to establish the elements of his claim and failed to prove the Bank had a duty to warn him:  Brown v. Stewart, 348 S.C. 33, 557 S.E.2d 676 (Ct. App. 2001) (stating the elements of negligent misrepresentation); Ardis v. Cox, 314 S.C. 512, 431 S.E.2d 267 (Ct. App. 1993) (listing the situations in which a duty to speak arises); 9 C.J.S. Banks and Banking § 266 (Supp. 2005) (noting a bank has a duty under federal law to protect the confidentiality of its customers nonpublic personal information).
2.  The trial court properly directed a verdict in favor of the Bank and dismissed Postons counterclaim based on § 552 of the Restatement (Second) of Torts as the Restatement approach has not been adopted in this State with respect to the facts of this case:  ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 320 S.C. 143, 463 S.E.2d 618 (Ct. App. 1995) (adopting the Restatement approach only in regard to the scope of a public accountants duty to third parties who use and rely on his work), revd in part on other grounds, 327 S.C. 238, 489 S.E.2d 470 (1997).
3.  The issue of whether the note was void for fraud and mispresentation:  this presents no error based on the same authorities as in issue one.
 AFFIRMED.[1]
 GOOLSBY, BEATTY, and SHORT, JJ., concur. 

[1]  We affirm this appeal without oral argument pursuant to Rule 215, SCACR.