THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Linda Dowd, Individually And On Behalf of Kristen
Stabler, Appellant,
v.
Nancy J. Dallas and John M. Dickert, Respondents.
 
 
 

Appeal From Lexington County
 Richard W. Chewning, III, Family Court Judge

Memorandum Opinion No. 2005-MO-062
Heard November 15, 2002 - Filed December 19, 2005

AFFIRMED

 
 
 
John D. Elliott and Timothy D. Harbeson, both of Columbia, for appellant.
Victoria L. Eslinger, Dennis J. Lynch, and Manton M. Grier, Jr., all of Nexsen Pruet Adams Kleemeier, LLC, of Columbia, for respondents.
 
 
 

PER CURIAM:  We find the family court erred by finding it did not have subject matter jurisdiction to hear appellants claim to set aside an adoption.  By statute, the family court has subject matter jurisdiction to hear and determine actions for and related to the adoption of children.  S.C. Code Ann. § 20-7-420 (Supp. 2004).  See also Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994) (subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong).  We further find the family court erred by applying the incorrect version of S.C. Code Ann. § 20-7-1800(A).  The correct statute to be applied to cases involving adoptions that occur prior to June 11, 1999, is S.C. Code Ann. § 20-7-1800(A) (1998).
However, because we may affirm the family court on any ground appearing on the record, the family courts decision is affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 526 S.E.2d 716 (2000) (appellate court may affirm upon any ground appearing in the record); Inman v. Ken Hyatt Chrysler Plymouth, Inc., 294 S.C. 240, 363 S.E.2d 691 (1988) (it is well-settled that a complaint is fatally defective if it fails to allege all nine elements of fraud and a motion to dismiss should be granted on this ground).
AFFIRMED.
TOAL, C.J., MOORE, BURNETT, PLEICONES, JJ., and Acting Justice James C. Williams, concur.