THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Law Offices of
 William A. Green, Plaintiff,
 
 
 

v.

 
 
 
 Roper St.
 Francis Healthcare and Dominique Smalls, Defendants,
 Of whom, Roper
 St. Francis Healthcare is, Respondent,
 and Dominique
 Smalls, is Appellant.
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Memorandum Opinion No.  2012-MO-018
Heard April 17, 2012 – Filed May 30, 2012  

AFFIRMED

 
 
 
 Desa Ballard and Stephanie Weissenstein, of Ballard Watson
 Weissenstein, of West Columbia, for Appellant.
 Stephen L. Brown, Joseph J. Tierney, Jr., Robert B.
 Hawk, and Russell G. Hines, of Young Clement Rivers, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:  We affirm pursuant to Rule 220(b)(1),
 SCACR and the following authorities:
As to Issue I (UTPA
 Claim), we conclude the trial court properly found there is no genuine issue of
 material fact regarding Appellant's allegation that Respondent has committed an
 unfair trade practice, and we hold summary judgment was warranted as a matter
 of law on the UTPA claim.  Specifically, Appellant failed to set forth genuine
 issues of material fact demonstrating a public policy violation by Respondent and
 the existence of ascertainable damages.  See Adams v. G.J. Creel & Sons, Inc., 320 S.C. 274, 465 S.E.2d 84 (1995) (holding the
 trial court did not err in finding the plaintiff failed to present any evidence
 that the defendant committed an unfair or deceptive act and in granting a
 directed verdict to the defendant on the plaintiff's UTPA claim); LaMotte v.
 Punch Line of Columbia, Inc., 296 S.C. 66, 370 S.E.2d 711 (1988) (upholding
 the trial court's grant of summary judgment on a claim for violation of the
 UTPA where there was no genuine issue of material fact as to whether the
 defendants engaged in unfair acts that affected a public interest); see also
 Havird Oil Co. v. Marathon Oil Co., 149 F.3d 283 (4th Cir. 1998) (relying
 upon the Adams decision and finding the plaintiff's UTPA claim failed
 where there was no evidence of an unfair act); Wogan v. Kunze, 366 S.C.
 583, 623 S.E.2d 107 (Ct. App. 2005) (holding a plaintiff may not change the theory of recovery, and
 that an issue must first be raised to and ruled upon by the trial court to be
 subject to appellate review).
As to Issue II
 (Motion to Compel), counsel for Appellant indicated at oral argument that this issue
 was being waived based on the propriety of the trial court's ruling, and we
 agree the issue lacks merit.  

AFFIRMED. 
TOAL, C.J., PLEICONES,
 BEATTY, KITTREDGE and HEARN, JJ., concur.