**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cedric E. Young, Appellant,

v.

Valerie Poole, Respondent.

Appellate Case No. 2017-000167

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2018-UP-150
Submitted March 1, 2018 – Filed April 11, 2018

**AFFIRMED**

John Derrick Clark, of Clark Law Firm, LLC, of Sumter, for Appellant.

John Martin Grantland and Elliot Bishop Daniels, both of Murphy & Grantland, PA, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law."); *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit court] under Rule 56(c), SCRCP."); *Watson v. Sellers*, 299 S.C. 426, 436-37, 385 S.E.2d 369, 375 (Ct. App. 1989) ("[T]he [South Carolina Residential Landlord and Tenant Act] explicitly creates a cause of action in tort for the failure of the landlord to repair a defect in the premises *after notice* is given as required by the Act." (emphasis added)); S.C. Code Ann. § 27-40-630(d) (2007) ("Rights of the tenant under this section do not arise until he has given notice to the landlord and the landlord fails to act within a reasonable time . . . ."); *Cole v. Boy Scouts of America*, 397 S.C. 247, 251, 725 S.E.2d 476, 478 (2011) ("Absent a legally recognized duty, the defendant in a negligence action is entitled to a judgment as matter of law."); Rule 8(f), SCRCP ("All pleadings shall be so construed as to do substantial justice to all parties."); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 574, 743 S.E.2d 778, 785 (2013) ("[T]he principal purpose of pleadings is to inform the pleader's adversary of legal and factual positions which he will be required to meet on trial." (quoting *S.C. Nat'l Bank v. Joyner*, 289 S.C. 382, 387, 346 S.E.2d 329, 332 (Ct. App. 1986))).

**AFFIRMED.** [1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.