**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas J. O'Brien, Appellant,

v.

Henry James Van Dam, Theresa D. Van Dam, Clyde A. Sanders, Janet S. Sanders, Timothy D. Brouillette, Julie Lynn Brouillette, Robb R. Alexander, Bonnie M. Alexander, Florien Davadi, Maria Outeiral, Catherine A. Davis, Anthony R. Gomez, III, Mary E. Gomez, Travis Hutchings, Amy J. Hutchings, Bruce K. Parker, Sr., Mary E. Parker, Albert L. Keeton, Donna S. Keeton, Greg Brantley, Kenish D. Brantley, Emerson G. Dickson, Evelyn Dickson, William H. Walker, Jr., Deborah L. Walker, Linda J. Gomez, Charles J. Brace, Meredith N. Brace, Charles E. Horton, Sharon J. Horton, Edward Canales, Caroline M. Canales, Michael L. Sapp, Marjorie H. Sapp, William J. Drains, Symatha Drains, Gary W. Taylor, John W. Westmoreland, Phyllis Westmoreland, Midwest Concepts Corporation, Barry L. Reese, Gregory C. Pook, Judith A. Athey, Richard A. Galgano, Raymond F. Mathis, Maxine L. Mathis, Bernard McIntyre, Ralph Ray Kearns, Jr., Cheryl Lynn J. Kearns, Guy Sidney Richardson, Linda Sue Richardson, Dianna Huston, Daniel R. Morgan, Michelle J. Morgan, Larry G. Merrifield, Eileen Merrifield, James Farmer, Catherine B. Farmer, Brenda O'Shields, Warren J. Disbrow, John F. Dykeman, Carol W. Dykeman, Everett R. Lennex, Rosita C. Lennex, Raul Denise Dominguez, Paula Christine Wright, Shirley A. Snyder, Benjamin J. Kiley, James F. Bauer Revocable Trust, Benjamin Kolb, William Mark Fry, Elizabeth Ann Fry, Mark A. Cook, Rose M. Cook and Shaky Pond, LLC, Respondents.

Appellate Case No. 2016-001866

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

Unpublished Opinion No. 2019-UP-057
Submitted December 6, 2018 – Filed February 6, 2019

**AFFIRMED**

H. Fred Kuhn, Jr., of Moss Kuhn & Fleming, PA, of
Beaufort, for Appellant.

Kenneth L. Tootle, of Beaufort, for Respondents.

**PER CURIAM:** Thomas J. O'Brien appeals the order of the master-in-equity denying declaratory relief in his action to set aside an "Agreement to Terminate Covenants" (the Agreement). On appeal, O'Brien argues the master erred in failing to find (1) the Agreement was not properly recorded because the signers were not "grantors, mortgagors, vendors, or lessors" under section 30-5-30 of the South Carolina Code (Supp. 2018); (2) the Agreement was falsely and fraudulently executed; (3) the signatures on the Agreement were fraudulently obtained or induced; (4) all but five of the signatories defaulted and thus admitted they were fraudulently induced into signing the Agreement; and (5) the attempt to terminate restrictive covenants during the term of automatic extension was ineffective. We affirm.

Regarding fraud in the inducement, O'Brien argues the master erred in finding the signatures on the Agreement were not fraudulently induced. We disagree. *See Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("Our scope of review for a case heard by a [master] who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."). At trial, O'Brien testified he and several neighbors received a flyer from an unknown resident of Oakmont. The flyer indicated several residents were holding meetings

to discuss terminating the restrictive covenants and stated that if the covenants were not terminated, the residents would be required to form a homeowners' association and pay yearly dues. However, no evidence in the record shows any person who received the flyer necessarily relied on it in signing the Agreement. *Parker v. Shecut*, 340 S.C. 460, 482, 531 S.E.2d 546, 558 (Ct. App. 2000), *rev'd on other grounds by Parker v. Shecut*, 349 S.C. 226, 230–31, 562 S.E.2d 620, 622–23 (2002) (providing a party asserting a claim for fraud must show "(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury."). Similarly, Timothy Brouillette's testimony also failed to establish a reliance on false information because he admitted he signed the Agreement after reading it to avoid confrontation with his neighbors. Because O'Brien failed to present cogent evidence of fraud in the inducement, his claim failed. *Id.* ("The failure to prove any one of these elements is fatal to the claim."); *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993) ("Fraud is not presumed, but must be shown by clear, cogent, and convincing evidence."). Thus, we find no error in the master's ruling on this issue.

O'Brien's remaining issues on appeal are unpreserved for appellate review. *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 102–03, 594 S.E.2d 485, 498 (Ct. App. 2004) (holding issues and arguments are preserved for appellate review only when they are raised to and ruled on by the master). O'Brien did not address any of these issues in his complaint or during the trial but raised them for the first time in his post-trial memorandum. Thus, O'Brien failed to properly bring these issues to the attention of the master and opposing counsel either by way of pleading or trial by consent. *See S.C. Nat'l Bank v. Joyner*, 289 S.C. 382, 387, 346 S.E.2d 329, 332 (Ct. App. 1986) ("It is elementary that the principal purpose of pleadings is to inform the pleader's adversary of legal and factual positions which he will be required to meet on trial."); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412–14, 529 S.E.2d 543, 546–47 (2000) (holding an issue not pled may nonetheless be preserved for appellate review where it is tried by consent). Because a party cannot raise new issues for the first time post-trial, these issues are unpreserved for appellate review.

Accordingly, the decision of the master-in-equity is

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.